May it please the court, Kenneth Carpenter appearing on behalf of Michael Kossnar. Mr. Kossnar asked this court to interpret the Secretary's Regulation 38 CFR 4.124 lowercase A concerning specifically diagnostic code 8045 which evaluates traumatic brain injury. Specifically to interpret how VA adjudicators including the board are to evaluate the subjective symptoms reported by the veteran. The Secretary's Regulation specifically his diagnostic code acknowledges unambiguously that a veteran's subjective symptoms may be the only residuals that a veteran suffers from his or her TBI. In this case, that is clearly the circumstance. Mr. Kossnar How would you characterize the legal issue you're presenting to us for review here today? I think it's a question of whether or not as the veterans court relied upon that the board could simply declare categorically that these subjective symptoms are not residuals. I believe under the correct interpretation of the regulation that the Secretary has conceded that any subjectively reported symptom is a residual and must be evaluated. There is additionally no question that in the first appeal that Mr. Kossnar finally was able to bring to court, the Secretary agreed and prepared himself a joint remand which expressly acknowledged that Mr. Kossnar had reported headaches, dizziness, nausea, memory impairment, and that the board had failed to address the appellant's reports of imbalance and sensitivity to light. Are you contending that automatically subjective symptoms are residuals of TBI? Under the terms of this regulation, yes, you are. Because there is an acknowledgment on the part of the Secretary that that may be the only symptoms. The problem, of course, with subjective symptoms is there is no medical source, medical test, medical corroboration for those symptoms. Specifically, when a person says they have a headache, there is no diagnostic test, no evaluative tool that can say yes or no, that person has a headache. But can that headache be caused by something else besides TBI? It certainly can be, Your Honor, and I think that that's what the board relied upon, that there was potentially another source for that, ironically of which it was the very headaches that he was representing were the source. And so it seems to be, at the very least, redundant. The board did not find that there was another source for these subjective symptoms. And at the end of the day, it seems to me that what you're bringing before the court is a mere disagreement, a factual disagreement as to how the board interpreted the symptoms and applied those to the rating. And that would be correct, Your Honor, if this panel in fact found that subjective symptoms as referenced in this diagnostic code are in fact a factual question. I submit that the Secretary's use of subjective symptoms in this diagnostic code for this specific disability is the unique representation of the problems there are in diagnosing what the resulting disability is from a traumatic brain injury. Therefore, this becomes a question of not a question of application of law to fact. In this case, the board determined that the only subjective symptoms as reported were not residuals. They made a negative finding. The Veterans Court agreed and their misinterpretation of the regulation was when it concluded that the board's finding that Mr. Cosner does not have symptoms that constitute residuals did not then require the board to evaluate the subjective symptoms under Diagnostic Code 8040. Yet the plain language of the regulation says that those the only residuals of a disability. Let's step back for just a minute and look at what 1110 says. 1110 says that if you have a disability, the United States will compensate you. The VA has determined since 2008 that Mr. Cosner has a disability from TBI. Yet he has received since 2008 no compensation for that disability. He has consistently reported to the VA his subjective symptoms. The VA has consistently rejected them. In your view, what work does the phrase that are residuals of TBI do in the actual language of the regulation? How are you interpreting that portion? That when read in its entirety, in reference to subjective symptoms, that phrase must be understood to mean that the reported subjective symptoms have to be evaluated as residuals. In other words, it is an implicit concession by the Secretary that the reported subjective symptoms, which he specifically chose to identify in the regulation, he could have remained silent in the regulation, and this would not be an issue of regulatory interpretation. But he chose specifically to make the clear declaration in his regulation that a veteran may only have, the only residuals that the veteran may have of his TBI is the subjective symptoms that he experiences. And did you raise this argument before the veterans court? Yes, your honor. Can you show me where? We framed the issue as whether or not the plain language of the regulation and diagnostic code required the board to address whether or not his reported symptoms required them to address them and then evaluate each of them as separate disabilities for rating purposes. The specific description of the issue presented was the veterans court erred by misinterpreting the unambiguous language. Oh, I'm sorry. I'm reading from my brief here, not my brief below. I apologize. I didn't bring my brief below. You're reading the section where you frame the issues before this court. That's correct. That's great. And I apologize. I'm asking you about the issues before the veterans court. Did you make this argument? Did you make it today at the veterans court? Well, it was certainly my intent to do that, your honor, because we were coming back from a remit. If you didn't make that argument below, then we don't have anything to review. Well, your honor, even if I did not make it explicitly, there is no other way to interpret the decision of the veterans court other than to say that the regulation does not have to be applied when the board says. This may be true, but you haven't brought that argument properly before us. Well, I'm sorry, your honor. I disagree. The statute says any interpretation of a statute or regulation relied upon by the veterans court. And there was a reliance on an interpretation of a regulation by the veterans court. That's a legal question. And it's a legal question property belongs to this court. Yes. But you didn't raise that issue below. And I'm saying that I believe I did, but even if I did not, this court's jurisdictional statute says that this court's jurisdiction extends to an interpretation relied upon by the veterans court in its decision. And by affirming the board's decision that there were no residuals that would entitle Mr. Kostner to compensation for his subjective symptoms was an interpretation. In other words, the interpretation relied upon by the veterans court creates the quintessential catch 22. The secretary says on the one hand that the subjective symptoms may be the only residuals. The veteran presents subjective symptoms and then they are declared not to be residuals and therefore he gets no benefits. Now, that simply creates an impossible way for the veteran to get compensation as compensation is required under 38 USC 1110. See that in my rebuttal time. I'd like to reserve the balance. Okay. Thank you. Good morning, your honors, and may it please the court. Mr. Kostner appears to be arguing for an interpretation of the regulation that creates a presumption that anytime you have subjective symptoms, those are automatically considered residuals of a TBI. That's not how the regulation operates and that's not what the board included. But to the extent that there's any legal question about the regulation, that is the only question presented that could be reviewed by this court. The VA certainly knows how to create presumptions when it wants. It could have created a presumption that if you have subjective symptoms, headaches, dizziness, nausea, light sensitivity, those automatically would become TBI residuals. But the VA did not do that because there are other reasons why nausea, light sensitivity, imbalance could be present in an individual. Did it consider those factors in this case? It did, your honor. Yes. And this is at page 90 of the appendix. There's a paragraph starting about two thirds down the page where the board, this is on remand, expressly considered that Mr. Kostner presented or reported headaches, dizziness, disequilibrium, light sensitivity, nausea, and memory impairment. And it said all of which he's competent to report. That's the subjective symptoms. He reports that he has a headache or that he gets dizzy, loses balance, sensitive to light. And then the board went on to say that based on the three medical exams that he had, all of those examiners concluded that these symptoms are not due to his TBI, which was mild in the 1960s because of the remote onset of these subjective symptoms. So the medical examiners and the board considered his reported symptoms and concluded that they're not residuals of the TBI. First of all, it's a factual determination that this court doesn't review. But second, that determination here is supported by the medical evidence. There's nothing that Mr. Kostner presents to counter that except for his argument that there should be a presumption. And that's not the regulation. Counselor, it seemed to me as if maybe he were opposing counselors reading the word that out of the regulation, right? Because when I was listening to kind of the argument that was being made, I think the way the language reads is subjective symptoms that are residuals of TBI. But the way I was hearing it was almost subjective symptoms are residuals of TBI. Is that your take? Yes, they're arguing for that presumption that anytime you have subjective symptoms, those are automatically considered residuals. But they can or may not be, depends on the factual circumstances. That's where competent medical evidence comes in. And that's what happened here. I'm happy to answer any other questions that the court has or cede the remainder of my time. Okay. Thank you very much. Thank you. Judge Raynard, I apologize. I found where I actually have in the appendix a copy of my brief to the Veterans Court. It's at appendix 95. And in the table of contents, argument number two is that the board failed to correctly apply the provisions of 4.124 lowercase a diagnostic code 8045. And while that does not present the question of the interpretation, and interpretation both was required to determine whether there was or wasn't a failure to correctly apply, as well as the Veterans Court relied upon a specific interpretation. I'd like to back up. Appendix 95. No, I have that. Okay. That's a table of contents. Yeah. Okay. You refer to summary of arguments section one. The actual argument begins at appendix 105 and ends at 110. And it begins with a description of the very section of the diagnostic code that we have been discussing that begins with the phrase, the subjective symptoms may be the only residual of TBI. Okay. Thank you for that. And I apologize, Your Honor. That's okay. I'll take a look at that in a minute. The government seems to infer that we are asking for a presumption. The word presumption does not appear in our briefing. We are not asking for a presumption. We are asking for an interpretation that when the Secretary made reference to subjective symptoms as may be only residuals of TBI, he was asking that his adjudicators evaluate those subjective symptoms as though they were a residual. And as such, the veteran should be entitled to some compensation. This veteran has received no compensation for his disability for TBI. And that simply seems to be inconsistent with the overall statutory scheme, plus the non-paternalistic system would suggest that that is a reasonable inference to read into this regulation. And that if you read that inference into this regulation, then the board should have been obligated to, as it was directed to by the Secretary in the remand, to consider these as residuals. And they simply did not. They simply categorically determined that they were not residuals. Unless there's further questions from the panel? You meant to say paternal rather than non-paternal, did you? I'm sorry, I did. Excuse me, Your Honor. Thank you very much, Your Honor. Thank you.